IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN (DUBUQUE) DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | No. CR 15-1032 LRR |
| | ) | |
| vs. | ) | |
| | ) | |
| RANDY JOE METCALF, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## <u>JOINT PROPOSED JURY INSTRUCTIONS</u>

The United States and the defendant, Randy Joe Metcalf, submit the following

joint proposed jury instructions.


Submitted by:

KEVIN W. TECHAU                    RANDY JOE METCALF
United States Attorney              Defendant


By: /s Anthony Morfitt              By: /s Melanie Keiper


ANTHONY MORFITT                    MELANIE KEIPER
Assistant U.S. Attorney             Attorney for Defendant
111 Seventh Ave SE, Box 1           400 Locust St., Suite 340
Cedar Rapids, IA 52401              Des Moines, IA 50309
319-363-6333                        515-309-9610
Tony.morfitt@usdoj.gov              Melanie_keiper@fd.org

**JOINT PROPOSED INSTRUCTION NO. 1**

Ladies and Gentlemen of the Jury:

The instructions I gave you at the beginning of the trial and during the trial remain in effect.   I will now give you some additional instructions.

You must, of course, continue to follow the instructions I gave you earlier, as well as those I give you now.   You must not single out some instructions and ignore others, because all are important.   This is true even though some of those I gave you at the beginning of and during trial are not repeated here.

The instructions I am about to give you now are in writing and will be available to you in the jury room.   I emphasize, however, that this does not mean they are more important than my earlier instructions.   Again, all instructions, whenever given and whether in writing or not, must be followed.

*United States v. Glinn*, CR 15-93 LRR (N.D. Iowa)

**JOINT PROPOSED INSTRUCTION NO. 2**

In considering these instructions, attach no importance or significance whatsoever to the order in which they are given.

*United States v. Glinn*, CR 15-93 LRR (N.D. Iowa)

**JOINT PROPOSED INSTRUCTION NO. 3**

Neither in these instructions nor in any ruling, action, or remark that I have made during this trial have I intended to give any opinion or suggestion as to what the facts are or what your verdict should be.

*United States v. Glinn*, CR 15-93 LRR (N.D. Iowa)

**JOINT PROPOSED INSTRUCTION NO. 4**

It is your duty to find from the evidence what the facts are. You will then apply the law, as I give it to you, to those facts. You must follow my instructions on the law, even if you thought the law was different or should be different.

Do not allow sympathy or prejudice to influence you. The law demands of you a just verdict, unaffected by anything except the evidence, your common sense, and the law as I give it to you.

*United States v. Glinn*, CR 15-93 LRR (N.D. Iowa)

# JOINT PROPOSED INSTRUCTION NO. 5

I have mentioned the word "evidence." The "evidence" in this case consists of the following: the testimony of the witnesses, the stipulations of the parties and the documents and other things received as exhibits.

You may use reason and common sense to draw deductions or conclusions from facts which have been established by the evidence in the case.

Certain things are not evidence. I shall list those things again for you now:

1.  Statements, arguments, questions and comments by the lawyers are not evidence.

2.  Anything that might have been said by jurors, the attorneys or the judge during the jury selection process is not evidence.

3.  Objections are not evidence. The parties have a right to object when they believe something is improper. You should not be influenced by the objection. If I sustained an objection to a question, you must ignore the question and must not try to guess what the answer might have been.

4.  Testimony that I struck from the record, or told you to disregard, is not evidence and must not be considered.

5.  Anything you saw or heard about this case outside the courtroom is not evidence.

During the trial, documents were referred to but they were not admitted into evidence and, therefore, they will not be available to you in the jury room during deliberations. Finally, if you were instructed that some evidence was received for a limited purpose only, you must follow that instruction.

*United States v. Glinn*, CR 15-93 LRR (N.D. Iowa)

**JOINT PROPOSED INSTRUCTION NO. 6**

There are two types of evidence from which a jury may properly find the truth as to the facts of a case: direct evidence and circumstantial evidence. Direct evidence is the evidence of the witness to a fact or facts of which they have knowledge by means of their senses. The other is circumstantial evidence – the proof of a chain of circumstances pointing to the existence or nonexistence of certain facts. The law makes no distinction between direct and circumstantial evidence. You should give all evidence the weight and value you believe it is entitled to receive.

*United States v. Glinn*, CR 15-93 LRR (N.D. Iowa)

**JOINT PROPOSED INSTRUCTION NO. 7**

The jurors are the sole judges of the weight and credibility of the testimony and the value to be given to each witness who has testified in this case. In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe all of what a witness said, or only part of it, or none of it.

In deciding what testimony to believe, consider the witness's intelligence, the opportunity the witness had to have seen or heard the things testified about, the witness's memory, any motives that witness may have for testifying a certain way, the manner of the witness while testifying, whether that witness said something different at an earlier time, the general reasonableness of the testimony and the extent to which the testimony is consistent with any evidence that you believe.

In deciding whether or not to believe a witness, keep in mind that people sometimes hear or see things differently and sometimes forget things. You need to consider, therefore, whether a contradiction is an innocent misrecollection or lapse of memory or an intentional falsehood, and that may depend on whether it has to do with an important fact or only a small detail.

*United States v. Glinn*, CR 15-93 LRR (N.D. Iowa)

## GOVERNMENT PROPOSED INSTRUCTION NO. 8A

In a previous instruction, I instructed you generally on the credibility of witnesses. I now give you this further instruction on how the credibility of a witness can be "impeached" and how you are to consider the testimony of certain witnesses.

A witness may be discredited or impeached by contradictory evidence; by showing that the witness testified falsely concerning a material matter; by showing the witness has a motive to be untruthful; or by evidence that at some other time the witness has said or done something, or has failed to say or do something, that is inconsistent with the witness's present testimony.

You have heard evidence that certain witnesses were once convicted of a crime. You may use that evidence only to help you decide whether you believe these witnesses and how much weight to give their testimony.

*United States v. Swearingen*, CR 13-99 LRR (N.D. Iowa)

# DEFENSE PROPOSED INSTRUCTION 8B

A witness may be discredited or impeached by contradictory evidence; or by evidence that at other times the witness has made statements which are inconsistent with the witness's present testimony.

If you believe any witness has been impeached and thus discredited, you may give the testimony of that witness such credibility, if any, as you think it deserves.

If a witness is shown knowingly to have testified falsely concerning any material matter, you have a right to distrust such witness's testimony in other particulars; and you may reject all the testimony of that witness or give it such credibility as you may think it deserves.

You have heard evidence that certain witnesses were once convicted of a crime. You may use that evidence only to help you decide whether you believe these witnesses and how much weight to give their testimony.

Authority:   *United States v. Brian Lee Johnson*, Criminal No. 06-23, June 7, 2006, Honorable Ronald E. Longstaff presiding. Eighth Circuit Model Instruction 2.18.

**JOINT PROPOSED INSTRUCTION NO. 9**

Exhibits have been admitted into evidence and are to be considered along with all of the other evidence to assist you in reaching your verdict. You are not to tamper with the exhibits or their contents, and each exhibit should be returned into open court, along with your verdict, in the same condition as it was received by you.

*United States v. Glinn*, CR 15-93 LRR (N.D. Iowa)

# JOINT PROPOSED INSTRUCTION NO. 10

Reasonable doubt is a doubt based upon reason and common sense, and not doubt based on speculation. A reasonable doubt may arise from careful and impartial consideration of all the evidence, or from a lack of evidence. Proof beyond a reasonable doubt is proof of such a convincing character that a reasonable person, after careful consideration, would not hesitate to rely and act upon that proof in life's most important decisions. Proof beyond a reasonable doubt is proof that leaves you firmly convinced of the defendant's guilt. Proof beyond a reasonable doubt does not mean proof beyond all possible doubt.

*United States v. Glinn*, CR 15-93 LRR (N.D. Iowa)
Eighth Circuit Model Instruction 3.11

## GOVERNMENT PROPOSED INSTRUCTION NO. 11A

The Indictment in this case charges that on or about January 12, 2015, in the Northern District of Iowa, the defendant willfully caused bodily injury to L.S., who is African American, because of L.S.'s actual or perceived race, color, or national origin. The defendant has pleaded not guilty to this charge.

As I told you at the beginning of the trial, an indictment is simply an accusation. It is not evidence of anything. To the contrary, the defendant is presumed to be innocent. Thus the defendant, even though charged, begins the trial with no evidence against him.

The presumption of innocence alone is sufficient to find the defendant not guilty and can be overcome only if the government proves, beyond a reasonable doubt, each element of the crime charged.

There is no burden upon the defendant to prove that he is innocent. Instead, the burden of proof remains on the government throughout the trial. [Accordingly, the fact that the defendant did not testify must not be considered by you in any way, or even discussed, in arriving at your verdict.]

*United States v. Glinn*, CR 15-93 LRR (N.D. Iowa) (modified)

## DEFENSE PROPOSED INSTRUCTION 11B

The Indictment in this case charges that on or about January 12, 2015, in the Northern District of Iowa, the defendant willfully caused bodily injury to L.S., who is African American, because of L.S.'s actual or perceived race, color, and national origin. The defendant has pleaded not guilty to that charge.

The Indictment is simply the document that formally charges the defendant with the crime for which he is on trial. The indictment is not evidence. At the beginning of the trial, I instructed you that you must presume the defendant to be innocent. Thus, the defendant began the trial with a clean slate with no evidence against him.

I caution you that the defendant is on trial only for the specific crime charged in the indictment. You are here to determine from the evidence in this case whether the defendant is guilty of this specific crime. You must never consider punishment in any way to decide whether the defendant is guilty. If you find the defendant guilty, the punishment is for the Judge alone to decide later.

The presumption of innocence alone is sufficient to find the defendant not guilty and can be overcome only if the prosecution proved during the trial, beyond a reasonable doubt, each element of the crime charged.

There is no burden upon a defendant to prove that he is innocent. Instead, the burden of proof remains on the prosecution throughout the trial. [Accordingly,

the fact that the defendant did not testify must not be considered by you in any

way, or even discussed, in arriving at your verdict.]

Authority:  Eighth Circuit Model Instruction 3.05.
            Special Instruction 10.2, Pattern Jury Instructions, Criminal Cases, 11th
            Circuit (2003)

**GOVERNMENT PROPOSED INSTRUCTION NO. 12**

The crime of willfully causing bodily injury to a person because of that person's actual or perceived race, color, or national origin, as charged in <u>Count 1</u> of the Indictment, has two elements, which are:

One, the defendant acted voluntarily and intentionally to cause bodily injury to a person, namely L.S.; and;

Two, the defendant acted because of the actual or perceived race, color, or national origin of that person – that is, L.S. who was or was perceived to be African-American.

To prove that the assault occurred "because of" L.S.'s actual or perceived race, color, or national origin, the government must show that the assault would not have occurred but for the fact of L.S.'s actual or perceived race, color, or national origin. This does not mean that the government must prove that L.S.'s actual or perceived race, color, or national origin was the sole or only reason for the assault. You may find that the defendant is guilty, even if there was more than one reason why he assaulted L.S. The government must prove, however, that L.S.'s actual or perceived race, color, or national origin played a determinative role in the defendant's decision to assault him. In other words, you must find that, despite any other reason the defendant had for the assault, the assault would not have taken place without the incremental effect of L.S.'s actual or perceived race, color, or national origin. The government may prove motive through circumstantial evidence

because there is no way of directly scrutinizing the human mind to reveal precisely what someone was thinking at any given moment.

If all of these elements have been proved beyond a reasonable doubt, you must find the defendant guilty of the crime charged in <u>Count 1</u>.

If all of the elements have not been proved beyond a reasonable doubt, you must find the defendant not guilty of the crime charged in <u>Count 1</u>.

Eighth Circuit Model Instruction 3.09
Eighth Circuit Model Instruction 7.02
*United States v. Miller*, 767 F.3d 585 (6th Cir. 2014)
18 U.S.C. § 249(a)(1)

## DEFENSE PROPOSED INSTRUCTION 12B

The crime of willfully causing bodily injury to a person because of that person's actual or perceived race, color, and national origin, as charged in the Indictment, has two elements, which

are:

*One*, the defendant acted willfully to cause bodily injury to a person, namely L.S., and,

*Two*, the defendant acted because of the actual or perceived race, color, and national origin of that person.

The term "willfully" means the defendant acted voluntarily and intentionally and with the specific intent to do something which the law forbids, that is to say, with bad purpose either to disobey or disregard the law.

To prove that the assault occurred "because of" L.S.'s actual or perceived race, color, and national origin, the government must show that the assault would not have occurred but for the fact of L.S.'s actual or perceived race, color, and national origin. This does not mean that the government must prove that L.S.'s actual or perceived race, color, and national origin was the sole or only reason for the assault. You may find that the defendant is guilty, even if there was more than one reason why he assaulted L.S. The government must prove, however, that L.S.'s actual or perceived race, color, and national origin played the determinative role in the defendant's decision to assault him.

If all of these elements have been proved beyond a reasonable doubt, you must find the defendant guilty of the crime charged in the Indictment.

If all of the elements have not been proved beyond a reasonable doubt, you must find the defendant not guilty of the crime charged in the Indictment.

Authority:  Eighth Circuit Model Instruction 3.09
*United States v. Miller*, 767 F.3d 585 (6th Cir. 2014)
*Bryan v. United States*, 524 U.S. 184 (1998)
*United States v. Robertson*, 709 F.3d 741, 745 (8th Cir. 2013)
*Burrage v. United States*, 134 S.Ct. 881 (2014)

**JOINT PROPOSED INSTRUCTION NO. 13**

Bodily injury means any injury to the body, no matter how temporary, and includes a cut, abrasion, bruise, burn, or disfigurement; physical pain; illness; impairment of the function of a bodily member, organ, or mental faculty; or any other injury to the body, no matter how temporary.  Bodily injury does not include solely emotional or psychological harm to the alleged victim.

18 U.S.C. § 249(c)(1)
18 U.S.C. § 1365(h)(4)

**JOINT PROPOSED INSTRUCTION NO. 14**

You will note that the indictment charges that the offense was committed "on or about" January 12, 2015. The government need not prove with certainty the exact date or the exact time period of an offense charged. It is sufficient if the evidence established that an offense occurred within a reasonable time of the date or period of time alleged in the indictment.

*United States v. Glinn*, CR 15-93 LRR (N.D. Iowa)

**JOINT PROPOSED INSTRUCTION NO. 15**

You must make your decision based on what you recall of the evidence. You will not have a written transcript to consult and the court reporter cannot read back lengthy testimony.

Throughout the trial, you have been permitted to take notes. Your notes should be used only as memory aids, and you should not give your notes precedence over your independent recollection of the evidence.

In any conflict between your notes, a fellow juror's notes, and your memory, your memory must prevail. Remember that notes sometimes contain the mental impressions of the note taker and can be used only to help you recollect what the testimony was. At the conclusion of your deliberations, your notes should be left in the jury room for destruction.

*United States v. Glinn*, CR 15-93 LRR (N.D. Iowa)

**JOINT PROPOSED INSTRUCTION NO. 16**

In conducting your deliberations and returning your verdict, there are certain rules you must follow.   I shall list those rules for you now.

*First*, when you go to the jury room, you must select one of your members as your foreperson.   That person will preside over your discussions and speak for you here in court.

*Second*, it is your duty, as jurors, to discuss this case with one another in the jury room.   You should try to reach agreement if you can do so without violence to individual judgment, because a verdict – whether guilty or not guilty – must be unanimous.

Each of you must make your own conscientious decision, but only after you have considered all the evidence, discussed it fully with your fellow jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinions if the discussion persuades you that you should.   But do not come to a decision simply because other jurors think it is right, or simply to reach a verdict.

*Third*, if the defendant is found guilty, the sentence to be imposed is my responsibility.   You may not consider punishment in any way in deciding whether the government has proved its case beyond a reasonable doubt.

*Fourth*, if you need to communicate with me during your deliberations, you may send a note to me through the Court Security Officer, signed by one or more jurors.   I will respond as soon as possible either in writing or orally in open court.

Remember that you should not tell anyone–including me–how your votes stand numerically.

*Fifth*, your verdict must be based solely on the evidence and on the law which I have given to you in my instructions. The verdict, whether guilty or not guilty, must be unanimous. Nothing I have said or done is intended to suggest what your verdict should be – that is entirely for you to decide.

*United States v. Glinn*, CR 15-93 LRR (N.D. Iowa)

## JOINT PROPOSED INSTRUCTION NO. 17

Attached to these instructions you will find the Verdict Form.   The Verdict Form is simply the written notice of the decisions that you reach in this case. The answer to the Verdict Form must be the unanimous decision of the jury.

You will take the Verdict Form to the jury room, and when you have completed your deliberations and each of you has agreed to the answer to the Verdict Form, your foreperson will fill out the Verdict Form, sign and date it and advise the Court Security Officer that you are ready to return to the courtroom.   Your foreperson should place the signed Verdict Forms in the blue folder, which the court will provide you, and then your foreperson should bring the blue folder when returning to the courtroom.

Finally, members of the Jury, take this case and give it your most careful consideration, and then without fear or favor, prejudice or bias of any kind, return the Verdict Form in accord with the evidence and these instructions.

_____       _____
**Date**                                                    **Linda R. Reade, Chief Judge**
                                                              **United States District Court**
                                                              **Northern District of Iowa**

*United States v. Glinn*, CR 15-93 LRR (N.D. Iowa)

**JOINT PROPOSED VERDICT FORM – COUNT 1**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. CR 15-1032-LRR |
| vs. | ) | |
| | ) | |
| RANDY JOE METCALF, | ) | **VERDICT FORM** |
| | ) | |
| Defendant. | ) | **COUNT 1** |
| | ) | |

We, the Jury, unanimously find the defendant, RANDY JOE METCALF,

_____ of the crime of willfully inflicting bodily injury because of
(Not Guilty/Guilty)

a person's actual or perceived race, color, or national origin as charged in Count 1 of

the Indictment.

> Note: If you unanimously find the defendant not guilty of the above
> crime, have your foreperson write "not guilty" in the above blank
> space and sign and date this Verdict Form.

> If you unanimously and beyond a reasonable doubt find the
> defendant guilty of the above crime, have your foreperson write
> "guilty" in the above blank space, and sign and date this Verdict
> Form.

_____
FOREPERSON
_____
DATE

Eighth Circuit Model Instruction 11.01 (Modified)
Eighth Circuit Model Instruction 11.02 (Note)

## DEFENDANT'S ADDITIONAL PROPOSED INSTRUCTION
## LAW ENFORCEMENT WITNESSES

You have heard the testimony of law enforcement officers. The fact that a witness may be employed by the federal or local government as a law enforcement officer does not mean that his testimony necessarily deserves more or less weight than that of an ordinary witness.

In fact, the point is that law enforcement officers are ordinary witnesses. You should consider the same questions of bias, stake in the outcome, behavior while testifying, strength of recollection, experience, and logical soundness of his or her testimony that you consider with any other witness.

It is your decision, after reviewing all the evidence, whether to accept the testimony of the law enforcement witness, and exactly what weight, if any, to give it.

Authority: Sand et al., Modern Federal Jury Instructions: Criminal, Instruction No.7-16 (1996)
*United States v. Green*, Criminal No. 92-32 (S.D. Iowa 1992).

**DEFENDANT'S ADDITIONAL PROPOSED INSTRUCTION**
**WITNESS BIAS AND HOSTILITY**

In connection with your evaluation of the credibility of the witnesses, you should specifically consider evidence of resentment or anger which some government witnesses may have toward the defendant.

Evidence that a witness is biased, prejudiced, or hostile toward the defendant requires you to view that witness's testimony with caution, to weigh it with care, and subject it to close and searching scrutiny.

<u>Authority:</u>   Sand et al., Modern Federal Jury Instructions: Criminal, Instruction
No. 7-2 (1996).

**DEFENDANT'S ADDITIONAL PROPOSED INSTRUCTION**
**CROSS-EXAMINATION OF DEFENDANT'S CHARACTER WITNESSES**

You will recall that after several witnesses testified about the defendant's reputation and character for lack of racism, the prosecutor asked the witness some questions about whether the witness knew that [he had made racial slurs in the past, etc.]. Those questions were asked only to help you decide if the witness really knew about the defendant's character. The information developed by the prosecutor on that subject may not be used by you for any other purpose.

That the defendant may have used racial slurs previously is not evidence that he committed the crime charged in this case.

Authority:          Eighth Circuit Model Instruction 2.10.

**DEFENDANT'S ADDITIONAL PROPOSED INSTRUCTION**
**WITNESS WHO HAS PLEADED GUILTY**

You have heard that Jeremy Sanders and Joseph Sanders pled guilty to a crime which arose out of the same events for which the defendant is on trial here. You must not consider that guilty plea as any evidence of this defendant's guilt. You may consider that witness's guilty plea only for the purpose of determining how much, if at all, to rely upon their testimony.

<u>Authority:</u>        Eighth Circuit Model Instruction 2.19.

**DEFENDANT'S ADDITIONAL  PROPOSED INSTRUCTION
CHARACTER AND REPUTATION FOR  UNTRUTHFULNESS
WITNESSES**

You have heard testimony about the character and reputation of {Witness} for untruthfulness.   You may consider this evidence only in deciding whether to believe the testimony of {Witness} and how much weight to give to it.

<u>Authority:</u>        Eighth Circuit Model Instruction 4.02.

**DEFENDANT'S  ADDITIONAL  PROPOSED INSTRUCTION**
**TESTIMONY OF ACCOMPLICE**

You have heard testimony from Jeremy Sanders and Joseph Sanders who stated that they participated in the crime charged against the defendant.   Their testimony was received in evidence and may be considered by you.   You may give their testimony such weight as you think it deserves.   Whether or not their testimony may have been influenced by their desire to please the government or to strike a good bargain with the government about their own situation is for you to determine.

<u>Authority:</u>          Eighth Circuit Model Instruction 4.05A.

## DEFENDANT'S  ADDITIONAL  PROPOSED INSTRUCTION
## EVIDENCE OF DEFENDANT'S  GOOD  CHARACTER

You have heard the testimony of {Witness}, who said that the defendant has a reputation and character for a lack of racism.   Along with all the other evidence you have heard, you may take into consideration what you believe about the defendant's lack of racism when you decide whether the government has proved, beyond a reasonable doubt, that the defendant committed the crime.   Evidence of the defendant's lack of racism alone may create a reasonable doubt whether the government proved that the defendant committed the crime.

Authority: Federal Judicial Center, Pattern Criminal Jury Instructions § 51 (1988).