IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
EASTERN DIVISION

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | No. 15-CR-01032 |
| | ) | |
| v. | ) | |
| | ) | DEFENDANT'S OBJECTIONS |
| | ) | TO GOVERNMENT'S PROPOSED |
| RANDY JOE METCALF, | ) | JURY INSTRUCTIONS |
| | ) | |
| | ) | |
| Defendant. | ) | |

COMES NOW, Randy Joe Metcalf, and provides objections to the Government's Proposed Jury Instructions. The parties largely agreed on the Joint Proposed Jury Instructions filed at Document 85, with the exception of Proposed Instructions 8, 11, and 12. Mr. Metcalf also has additional instructions that are included at the end of the proposed instructions filed at Document 85, and he requests those be included.

With regard to Defense Proposed Instruction 8B, Mr. Metcalf requests his proposed instruction be given as it gives a lengthier instruction on impeachment and the last paragraph follows Model Instruction 2.18.

Mr. Metcalf submits Defense Proposed Instruction 11B, based on the Eighth Circuit Model Instruction 3.05 and Special Instruction 10.2, Pattern Jury Instructions, Criminal Cases, 11th Circuit (2003). This instruction is necessary in order for the jury not to feel compelled to convict Mr. Metcalf solely because he committed assault and fear that if they find him not guilty of the hate crime that he will completely escape punishment for his actions. In Joint Proposed

Instruction 16, the Court tells the jury they must not consider punishment in any way, but only if they find the defendant guilty. This instruction simply lets the jury know that the defendant is charged with one specific crime and that they are not to consider punishment in any way in making their decision.

Mr. Metcalf submits Defense Proposed Instruction 12B, based on the Eighth Circuit Model Instruction 3.09; *United States v. Miller*, 767 F.3d 585 (6th Cir. 2014); *Bryan v. United States*, 524 U.S. 184 (1998); *United States v. Robertson*, 709 F.3d 741, 745 (8th Cir. 2013); and *Burrage v. United States*, 134 S.Ct. 881 (2014).

Government Proposed Instruction 12 is not appropriate for several reasons. First, the term willfully should be used since that is how it is charged in the indictment. The willful definition by the Government is one that is typically used in tax cases. There is no indication that definition should be used based on case law or model instructions. If willfully is defined, it should be the full definition. The term "willfully" means the defendant acted voluntarily and intentionally and with the specific intent to do something which the law forbids, that is to say, with bad purpose either to disobey or disregard the law. *Bryan v. United States*, 524 U.S. 184 (1998); *United States v. Robertson*, 709 F.3d 741, 745 (8th Cir. 2013).

Second, the instruction that follows "In other words" should not be used as it is not necessary to further define any terms. The use of "incremental effect" in the Government's proposed instruction is not accurate language according to the case law. Incremental means "small" and it is contradictory to the notion of "but for" causation. It is weaker language than a "significant motivating factor," which *United States v. Miller*, 767 F.3d 585 (6th Cir. 2014), found was not strong enough language for the instruction. *See also Burrage v. United States*, 134

S.Ct. 881 (2014).

Finally, the Court already gives an instruction on circumstantial evidence in Proposed Instruction 6, so no further instruction is helpful or necessary in Instruction 12.

It is not known at this point if the Government will call any law enforcement witnesses, but the defense's proposed instruction is supported by model instructions and case law and therefore, if law enforcement testifies, Mr. Metcalf requests the instruction. Sand et al., *Modern Federal Jury Instructions: Criminal*, Instruction No. 7-16 (1996); *United States v. Green*, Criminal No. 92-32 (S.D. Iowa 1992).

The proposed defense instruction on witness bias and hostility is necessary given the nature of the events which transpired on January 11-12, 2015. *See* Sand et al., *Modern Federal Jury Instructions: Criminal*, Instruction No. 7-2 (1996). This could be added to Proposed Instruction 7.

If character witnesses are called for Mr. Metcalf, Defendant's Proposed Instruction for Cross-Examination of Defendant's Character Witnesses should be given. *See* Eighth Circuit Model Instruction 2.10.

If the Government calls Jeremy Sanders and Joseph Sanders, the Defense Proposed Instruction for Witness Who Has Pleaded Guilty should be given. *See* Eighth Circuit Model Instruction 2.19; *United States v. Wiesle*, 542 F.2d 61 (8th Cir. 1976).

If witnesses testify about the untruthfulness of other witnesses, the model instruction should also be given to address that issue. *See* Eighth Circuit Model Instruction 4.02.

If the Government calls Jeremy Sanders and Joseph Sanders, the Defense Proposed Instruction for Testimony of Accomplice should be given. *See* Eighth Circuit Model Instruction 4.05A. While the Sanders' are not traditional co-defendants in this federal action, they were intricately involved in the assault of L.S. The fact they pled guilty to lesser charges in state court should not lessen the fact that they were both accomplices to this crime. Therefore, this instruction should be given.

Finally, if evidence of Mr. Metcalf's good character is presented at trial, the model instruction for Evidence of Defendant's Good Character should be given. *See* Federal Judicial Center, Pattern Criminal Jury Instructions § 51 (1988); *Edgington v. United States*, 164 U.S. 361 (1896); *United States v. John*, 309 F.3d 298 (5th Cir. 2002).

Mr. Metcalf requests that Defense Proposed Instructions 8B, 11B, 12B, and all Additional Defense Proposed Instruction be given to the jury.

Respectfully submitted,

  /s/ Melanie Keiper
FEDERAL DEFENDER'S OFFICE
400 Locust Street, Suite 340
Des Moines, Iowa  50309
PHONE: (515) 309-9610
FAX: (515) 309-9625
E-MAIL: melanie_keiper@fd.org

CERTIFICATE OF SERVICE

I hereby certify that on March 18, 2016, I electronically filed this document with the Clerk of Court using the ECF system which will serve it on the appropriate parties.

*/s/ Morgan Conn*, Paralegal