# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>RANDY JOE METCALF,<br><br>    Defendant. | No. 15-CR-1032-LRR<br><br>**FINAL JURY INSTRUCTIONS** |

Ladies and Gentlemen of the Jury:

The instructions I gave you at the beginning of the trial and during the trial remain in effect. I will now give you some additional instructions.

You must, of course, continue to follow the instructions I gave you earlier, as well as those I give you now. You must not single out some instructions and ignore others, because all are important. This is true even though some of those I gave you at the beginning of and during trial are not repeated here.

The instructions I am about to give you now are in writing and will be available to you in the jury room. I emphasize, however, that this does not mean they are more important than my earlier instructions. Again, all instructions, whenever given and whether in writing or not, must be followed.

# INSTRUCTION NO. 1

In considering these instructions, attach no importance or significance whatsoever to the order in which they are given.

# INSTRUCTION NO. 2

Neither in these instructions nor in any ruling, action or remark that I have made during this trial have I intended to give any opinion or suggestion as to what the facts are or what your verdicts should be.

## INSTRUCTION NO. 3

It is your duty to find from the evidence what the facts are. You will then apply the law, as I give it to you, to those facts. You must follow my instructions on the law, even if you thought the law was different or should be different.

Do not allow sympathy or prejudice to influence you. The law demands of you a just verdict, unaffected by anything except the evidence, your common sense and the law as I give it to you.

## INSTRUCTION NO. 4

I have mentioned the word "evidence." The "evidence" in this case consists of the following: the testimony of the witnesses, stipulations of the parties and the documents and other things received as exhibits.

You may use reason and common sense to draw deductions or conclusions from facts which have been established by the evidence in the case.

Certain things are not evidence. I shall list those things again for you now:

1. Statements, arguments, questions and comments by the lawyers are not evidence.

2. Anything that might have been said by jurors, the attorneys or the judge during the jury selection process is not evidence.

3. Objections are not evidence. The parties have a right to object when they believe something is improper. You should not be influenced by the objection. If I sustained an objection to a question, you must ignore the question and must not try to guess what the answer might have been.

4. Testimony that I struck from the record, or told you to disregard, is not evidence and must not be considered.

5. Anything you saw or heard about this case outside the courtroom is not evidence.

During the trial, documents and objects were referred to but were not admitted into evidence and, therefore, they will not be available to you in the jury room during deliberations.

Finally, if you were instructed that some evidence was received for a limited purpose only, you must follow that instruction.

## INSTRUCTION NO. 5

There are two types of evidence from which a jury may properly find the truth as to the facts of a case: direct evidence and circumstantial evidence. Direct evidence is the evidence of the witnesses to a fact or facts of which they have knowledge by means of their senses. The other is circumstantial evidence—the proof of a chain of circumstances pointing to the existence or nonexistence of certain facts. The law makes no distinction between direct and circumstantial evidence. You should give all evidence the weight and value you believe it is entitled to receive.

# INSTRUCTION NO. 6

The jurors are the sole judges of the weight and credibility of the testimony and the value to be given to the testimony of each witness who has testified in this case. In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe all of what a witness said, or only part of it or none of it.

In deciding what testimony to believe, consider the witness's intelligence, the opportunity the witness had to have seen or heard the things testified about, the witness's memory, any motives that witness may have for testifying a certain way, the manner of the witness while testifying, whether that witness said something different at an earlier time, the general reasonableness of the testimony and the extent to which the testimony is consistent with any evidence that you believe.

In deciding whether to believe a witness, keep in mind that people sometimes hear or see things differently and sometimes forget things. You need to consider, therefore, whether a contradiction is an innocent misrecollection or lapse of memory or an intentional falsehood, and that may depend on whether it has to do with an important fact or only a small detail.

## INSTRUCTION NO. 7

In the previous instruction, I instructed you generally on the credibility of witnesses. I now give you this further instruction on how the credibility of a witness can be "impeached" and how you are to consider the testimony of certain witnesses.

A witness may be discredited or impeached by contradictory evidence; by showing that the witness testified falsely concerning a material matter; by showing the witness has a motive to be untruthful; or by evidence that at some other time the witness has said or done something, or has failed to say or do something, that is inconsistent with the witness's present testimony.

You have heard evidence that some witnesses were once convicted of a crime. You may use that evidence only to help you decide whether you believe those witnesses and how much weight to give their testimony.

## INSTRUCTION NO. 8

You have heard that Jeremy Sanders and Joseph Sanders pled guilty to a crime which arose out of the same events for which the defendant is on trial here. You must not consider those guilty pleas as any evidence of this defendant's guilt. You may consider those witnesses' guilty pleas only for the purpose of determining how much, if at all, to rely upon their testimony.

# INSTRUCTION NO. 9

You will recall that after several witnesses testified about the defendant's character for a lack of racism, the government asked the witnesses some questions about whether they knew that the defendant used racial slurs, flashed a swastika tattoo and bragged about being involved in cross burnings. Those questions were asked only to help you decide if the witness really knew about the defendant's character. The questions asked by the government and the answers by the witnesses during cross examination on that subject may not be used by you for any other purpose.

## INSTRUCTION NO. 10

You have heard testimony about the character of Jeremy Sanders for truthfulness. You may consider this evidence only in deciding whether to believe the testimony of Jeremy Sanders and how much weight to give to it.

## INSTRUCTION NO. 11

Exhibits have been admitted into evidence and are to be considered along with all of the other evidence to assist you in reaching your verdict. You are not to tamper with the exhibits or their contents, and you should leave the exhibits in the jury room in the same condition as they were received by you.

# INSTRUCTION NO. 12

Reasonable doubt is doubt based upon reason and common sense, and not doubt based on speculation. A reasonable doubt may arise from careful and impartial consideration of all the evidence, or from a lack of evidence. Proof beyond a reasonable doubt is proof of such a convincing character that a reasonable person, after careful consideration, would not hesitate to rely and act upon that proof in life's most important decisions. Proof beyond a reasonable doubt is proof that leaves you firmly convinced of the defendant's guilt. Proof beyond a reasonable doubt does not mean proof beyond all possible doubt.

INSTRUCTION NO. 13

The Indictment in this case charges that on or about January 12, 2015, in the Northern District of Iowa, the defendant willfully caused bodily injury to L.S., who is African American, because of L.S.'s actual or perceived race, color or national origin. The defendant has pleaded not guilty to this charge.

The Indictment is simply the document that formally charges the defendant with the crime for which he is on trial. The Indictment is not evidence. At the beginning of the trial, I instructed you that you must presume the defendant to be innocent. Thus, the defendant began the trial with a clean slate, with no evidence against him.

The presumption of innocence alone is sufficient to find the defendant not guilty and can be overcome only if the government proved during the trial, beyond a reasonable doubt, each element of the crime charged.

There is no burden upon the defendant to prove that he is innocent. Instead, the burden of proof remains on the government throughout the trial. Accordingly, the fact that the defendant did not testify must not be considered by you in any way, or even discussed, in arriving at your verdict.

# INSTRUCTION NO. 14

The crime of willfully causing bodily injury to a person because of that person's actual or perceived race, color or national origin, as charged in the Indictment, has two elements, which are:

*One*, on or about January 12, 2015, the defendant willfully caused bodily injury to a person, namely L.S.; and

*Two*, the defendant acted because of the actual or perceived race, color, or national origin of that person.

To prove that the defendant acted "willfully," the government must prove that the defendant acted knowing that his conduct was unauthorized, unjustifiable or wrongful.

To prove that the assault occurred "because of" L.S.'s actual or perceived race, color or national origin, the government must show that the assault would not have occurred but for the fact of L.S.'s actual or perceived race, color or national origin. This does not mean that the government must prove that L.S.'s actual or perceived race, color or national origin was the sole or only reason for the assault. You may find that the defendant is guilty even if there was more than one reason why he assaulted L.S. The government must prove, however, that L.S.'s actual or perceived race, color or national origin played the determinative role in the defendant's decision to assault him.

A defendant's motive may be proven by circumstantial evidence. This is because, while witnesses may see or hear and thus be able to give direct evidence of what a person does or fails to do, there can be no eyewitness account of the state of mind with which the acts were done or omitted.

If all of these elements have been proved beyond a reasonable doubt, you must find the defendant guilty of the crime charged in the Indictment. Otherwise, you must find the defendant not guilty of the crime charged in the Indictment.

# INSTRUCTION NO. 15

Bodily injury means a cut, abrasion, bruise, burn or disfigurement; physical pain; illness; impairment of the function of a bodily member, organ or mental faculty; or any other injury to the body, no matter how temporary. Bodily injury does not include solely emotional or psychological harm to the alleged victim.

# INSTRUCTION NO. 16

You will note that the Indictment charges that the offense was committed "on or about" January 12, 2015. The government need not prove with certainty the exact date or the exact time period of the offense charged. It is sufficient if the evidence establishes that the offense occurred within a reasonable time of the date or period of time alleged in the Indictment.

# INSTRUCTION NO. 17

You must make your decision based on what you recall of the evidence. You will not have a written transcript to consult and the court reporter cannot read back lengthy testimony.

Throughout the trial, you have been permitted to take notes. Your notes should be used only as memory aids, and you should not give your notes precedence over your independent recollection of the evidence.

In any conflict between your notes, a fellow juror's notes and your memory, your memory must prevail. Remember that notes sometimes contain the mental impressions of the note taker and can be used only to help you recollect what the testimony was. At the conclusion of your deliberations, your notes should be left in the jury room for destruction.

# INSTRUCTION NO. 18

In conducting your deliberations and returning your verdict, there are certain rules you must follow. I shall list those rules for you now.

*First*, when you go to the jury room, you must select one of your members as your foreperson. That person will preside over your discussions and speak for you here in court.

*Second*, it is your duty, as jurors, to discuss this case with one another in the jury room. You should try to reach agreement if you can do so without violence to individual judgment, because a verdict—whether guilty or not guilty—must be unanimous.

Each of you must make your own conscientious decision, but only after you have considered all the evidence, discussed it fully with your fellow jurors and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right or simply to reach a verdict.

*Third*, if the defendant is found guilty, the sentence to be imposed is my responsibility. You may not consider punishment in any way in deciding whether the government has proved its case beyond a reasonable doubt.

*Fourth*, if you need to communicate with me during your deliberations, you may send a note to me through the Court Security Officer, signed by one or more jurors. I will respond as soon as possible either in writing or orally in open court. Remember that you should not tell anyone—including me—how your votes stand numerically.

*Fifth*, your verdict must be based solely on the evidence and on the law that I have given to you in my instructions. The verdict, whether guilty or not guilty, must be unanimous. Nothing I have said or done is intended to suggest what your verdict should be—that is entirely for you to decide.

INSTRUCTION NO. 19

Attached to these instructions you will find the Verdict Form. The Verdict Form is simply the written notice of the decision that you reach in this case. The answer to the Verdict Form must be the unanimous decision of the Jury.

You will take the Verdict Form to the jury room, and when you have completed your deliberations and each of you has agreed to the answer to the Verdict Form, your foreperson will fill out the Verdict Form, sign and date it and advise the Court Security Officer that you are ready to return to the courtroom. Your foreperson should place the signed Verdict Form in the blue folder, which the court will provide you, and then your foreperson should bring the blue folder when returning to the courtroom.

Finally, members of the Jury, take this case and give it your most careful consideration, and then without fear or favor, prejudice or bias of any kind, return the Verdict Form in accord with the evidence and these instructions.

March 30, 2016
Date

Linda R. Reade, Chief Judge
United States District Court
Northern District of Iowa