# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No. 15-CR-1032-CJW-MAR |
| vs. | **ORDER** |
| RANDY JOE METCALF, | |
| Defendant. | |

This matter is before the Court on defendant's pro se motion for compassionate release based on the ongoing COVID-19 pandemic. (Doc. 178).

## I.  BACKGROUND

On October 5, 2016, the Court sentenced defendant to 120 months' imprisonment followed by three years on supervised release on one count of committing a hate crime. (Doc. 149). Defendant appealed his conviction and sentence but was unsuccessful. (Docs. 153 & 172). Defendant is currently incarcerated at Canaan USP with a projected release date of March 29, 2024.[1]

In his motion, defendant requests compassionate release because his father recently passed away from COVID-19 and he is worried his mother may also contract COVID-19 and pass away as well. (Doc. 178, at 1–2).

## II.  COMPASSIONATE RELEASE STANDARD

The term "compassionate release" refers to Title 18, United States Code, Section 3582(c)(1)(A), which allows a defendant to directly petition a district court for a sentence reduction "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse

---

[1] *Find an Inmate*, BOP, https://www.bop.gov/inmateloc/.

of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." Under Section 3582(c)(1)(A), if a defendant fully exhausts administrative remedies, the court may reduce the defendant's sentence, after considering the factors set forth in Title 18, United States Code, Section 3553(a) to the extent they are applicable, if the court finds that "extraordinary and compelling reasons warrant such a reduction." *See also United States v. Rodd*, 966 F.3d 740, 748 (8th Cir. 2020).

### III. ANALYSIS

In his motion, defendant makes no mention of any attempts to exhaust his administrative remedies within the Bureau of Prisons before seeking relief in this Court. *See* 18 U.S.C. § 3582(c)(1)(A). This alone would be a sufficient reason to deny defendant's motion. The Court will assume, however, that such a request was indeed filed and proceed to the merits here.

The Court must deny defendant's motion because defendant has failed to allege extraordinary and compelling reasons that would justify release. His motion does not raise any health-related issues. Defendant requests release solely because he fears his mother is at risk during the COVID-19 pandemic. First, such fear of COVID-19 falls short of the showing necessary to justify compassionate release. *See United States v. Eberhart*, No. 13-cr-00313-PJH-1, 2020 WL 1450745, at *2 (N.D. Ca. Mar. 25, 2020) ("General concerns about possible exposure to COVID-19 do not meet the criteria for extraordinary and compelling reasons[.]"). Second, although the compassionate release framework contemplates changes in familial circumstances, the potential passing of an adult parent is not one of them. *See* USSG § 1B1.13 cmt. 1(C) (describing changed familial circumstances as the death or incapacitation of a spouse or caregiver of a defendant's minor children); *see also United States v. Crandall*, No. 89-CR-21-CJW-MAR, 2020 WL 7080309, at *5 (N.D. Iowa Dec. 3, 2020) (holding that, although Section 1B1.13 is not binding, it remains a helpful guidepost in determining whether extraordinary and compelling reasons exist to release a defendant). *Id*. In short,

defendant's concern for his mother is ordinary and provides no justification for his release. Thus, defendant has not identified an extraordinary and compelling reason for his release.

Even if the Court found defendant had stated an extraordinary and compelling reason for release, the Court would still deny release under the Section 3553(a) factors. Defendant still has more than three years to serve on his 120-month sentence. His crime of conviction is particularly aggravating. (Doc. 122, at 3–8). Reducing defendant's sentence now would fail to achieve the goals of sentencing and cause defendant's sentence to be disparate from other, similarly situated defendants. *See United States v. Lizarraga*, No. 15-CR-2027-CJW-MAR, 2020 WL 7346036, at *6 (N.D. Iowa Dec. 14, 2020) ("The Court has often turned to the remainder of a defendant's term of imprisonment . . . as reflecting many of the goals of Section 3553(a)[.]") (citation omitted). Such a reduction would fail to reflect the seriousness of defendant's offense, promote respect for the law, provide just punishment, deter defendant and others, and protect the community. Defendant's familial concerns are far outweighed by the utility of upholding his sentence for all the same reasons the Court initially expressed in imposing its judgment.

## IV. CONCLUSION

For these reasons, defendant's motion for compassionate release (Doc. 178) is **denied**.

**IT IS SO ORDERED** this 21st day of December, 2020.

_____
C.J. Williams
United States District Judge
Northern District of Iowa

3